[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is the defendant Pal S. Kular's objection to compel the taking of his deposition in Waterbury, Connecticut and his motion for protective order. The vehicle in which the plaintiff was riding, rear ended a tractor trailer operated by the defendant, Mr. Kular, who lives in Canada. The plaintiff claims Kular stopped his truck too quickly. Connecticut Practice Book § 246(c)(2) provides that a defendant who is not a resident of this state may be compelled "to give a deposition at any place within 30 miles of the defendant's residence or within the county of his residence or at such other place as is fixed by the order of the court". The motion for protective order is granted. There has been no adequate showing that written interrogatories would not suffice. Although there is the claim that the plaintiff can not afford the expense of the deposition in Canada and has a conservator, there has been no showing that the deposition is necessary as opposed to other forms of discovery including telephonic deposition. Furthermore, as suggested by the defendant, in the event it proves necessary, such a deposition can always be taken immediately prior to the trial. Substantial travel and living expenses are obviously incurred if the defendant Kular is required to come to Connecticut for such deposition. He was not personally served with process because he was not a resident of the state at the time of the commencement of the law suit. Furthermore, the defendant could be deposed in Canada and the rules of practice contained in § 1.8 as amended, now allow an attorney to advance the costs and expenses of litigation on behalf of the client and make the repayment of these costs contingent on the successful outcome of the matter. For all these reasons the motion for protective order is granted and the defendant will not be required to come to Waterbury for the taking of his deposition. The import of § 246(c)(2) read as a whole is based on the rationale that a defendant should generally not be required to finance the cost of litigation against him. The court sees no sufficient reason to depart from that policy here. CT Page 1374